UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRIAN JANUSZ,

Plaintiff,

v.

Case No. 25-cv-1883-pp

GRO FAMILY SERVICES, LLC,
JACQUELINE LOUISE OWENS
and GREGORY OWENS,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL (DKT. NO. 23) AND SETTING BRIEFING SCHEDULE ON PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND EXPENSES**

---

On July 21, 2026, the plaintiff filed a Rule 7(h) expedited, non-dispositive motion to compel discovery responses and for reasonable attorney's fees. Dkt. No. 23 at 4. On May 31, 2026, the plaintiff served the defendants with a first set of interrogatories and requests for production of documents. Id. at 1; Dkt. No. 24 at ¶1. Although over two months have passed, the defendants have not responded to the discovery and have not responded to the plaintiff's motion to compel. Dkt. No. 24 at ¶4. The court will grant the motion to compel, dkt. no. 23, and set a briefing schedule regarding the plaintiff's request for attorney's fees.

## I. Plaintiff's Motion to Compel (Dkt. No. 23)

The defendants were required to respond to the plaintiff's discovery requests by June 30, 2026. Dkt. No. 1 at 1. On July 1, 2026, the plaintiff's attorney emailed the defendants' attorney about the defendants' failure to

respond; defense counsel responded that the defendants were "behind" and "would follow up." Dkt. No. 24 at ¶5; Dkt. No. 24-2 at 2. On July 3, 2026, the plaintiff's attorney requested a telephone conference; the attorneys agreed to speak on July 6, 2026. Dkt. No. 24 at ¶6; Dkt. No. 24-2 at 1. During the July 6, 2026 conference, defense counsel said that the defendants would produce their discovery responses by July 10, 2026. Dkt. No. 24 at ¶8. The plaintiff's attorney confirmed this representation via email later that day. Id. at ¶9; Dkt. No. 24-3 at 1.

On July 15, 2026, the plaintiff's attorney sent another email asking when the responses would be produced. Dkt. No. 24 at ¶11; Dkt. No. 24-3 at 1. The defendants' attorney never responded to that email. Dkt. No. 24 at ¶11. The plaintiff's attorney has certified in writing that he has attempted, in good faith, to confer with the defendants' counsel and to resolve this discovery issue without court intervention. Id. at ¶13.

The plaintiff asks the court to compel the defendants to respond to the plaintiff's discovery requests within fourteen days and to find that the defendants have waived any objection to discovery because they "utterly failed to respond." Dkt. No. 23 at 3 (quoting Van Den Heuvel, *et al.* v. AI Credit Corp., *et al.*, No. 12-cv-327, Dkt. No. 104 at 2 (E.D. Wis. June 11, 2013) (citing Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)). The plaintiff's counsel says that he tried for weeks to obtain discovery responses without court involvement, and, under Fed. R. Civ. P. 37(a)(5)(A), he asks the court to award reasonable attorney's fees and expenses incurred in bringing the motion. Id. at 4.

## II. Analysis

Federal Rule of Civil Procedure 26(b)(1) allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case." The responding party has thirty days after service of the request to provide answers, produce documents or raise objections to interrogatories or requests for the production of documents. See Fed. R. Civ. P. 33(b)(2), 34(b)(2). "A party seeking discovery may move for an order compelling an answer" if the responding party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents or fails to respond that inspection will be permitted under Rule 34. Fed. R. Civ. P. 37(a)(3)(iii), (iv).

The court has reviewed the plaintiff's first set of interrogatories and requests for production of documents, which were served on May 31, 2026. Dkt. No. 24-1. The plaintiff's attorney reached out several times to the defendants' attorney after the June 30, 2026 deadline for responding had passed. On July 6, 2026, the plaintiff's attorney confirmed his understanding that the defendants would be producing their responses by the end of the week. Dkt. No. 24-3 at 1. The plaintiff's attorney agreed to "hold off filing a motion to compel production until then." Id. On July 15, 2026, the plaintiff's attorney again reached out with a request for an update on production. Id. at 1. As of today's date, neither the plaintiff nor the court have heard from the defendants.

The court will grant the plaintiff's motion and find that by failing to respond in a timely manner, the defendants have waived their opportunity to raise any substantive concerns with respect to the motion or discovery. See generally Laborers' Int'l Union of N. Am. v. Caruso, 197 F.3d 1195, 1197 (7th Cir. 1999) (declining to consider arguments not presented in response to a motion). Rule 33(b)(4) states that "any ground not stated in a timely objection [to any interrogatory] is waived unless the court, for good cause, excuses the

failure." Although Rule 34(b)(4) does not contain the same language, courts in this circuit have held that untimely objections to discovery requests result in a waiver. Sullivan v. Wolcott Diversy Condominium Ass'n, Case No. 19C3856, 2026 WL 2211368, *2 (N.D. Ill. June 4, 2026)(collecting cases).

**III. Attorney Fees**

The plaintiff asks the court to award the reasonable attorney's fees and expenses incurred in bringing the motion. Rule 37 provides that

> [i]f the motion [to compel] is granted—or if the . . . requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). But the court may not award expenses if "(i) the movant filed the motion before attempting in good faith to obtain the . . . discovery without court action; (ii) the opposing party's . . . response[ ] or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Id.

The plaintiff attempted in good faith to obtain the discovery responses. The defendants had an opportunity to respond to the plaintiff's motion to compel within seven days as required by Civil Local Rule 7(h) (E.D. Wis.). There is nothing in the record suggesting that the defendants' failure to respond to discovery was substantially justified or that there are any other circumstances that would make the award of expenses unjust. The court will set a deadline below by which the plaintiff must file an affidavit and documentation supporting his request for reasonable costs and fees. The court will give the defendants an opportunity to respond as contemplated by Fed. R. Civ. P. 37(a)(5).

## IV. Conclusion

The court **GRANTS** the plaintiff's motion to compel. The court **ORDERS** that the defendants must serve their responses to the plaintiff's first set of interrogatories and requests for production of documents by the end of the day on **August 21, 2026**.

The court **ORDERS** that by the end of the day on **August 21, 2026**, the plaintiff must file an affidavit and supporting documentation for his request for reasonable attorney's fees and expenses associated with bringing this motion to compel. The defendants may respond to the plaintiff's request for fees and costs by the end of the day on **September 4, 2026**. Any reply brief must be filed by the end of the day **September 14, 2026**.

Dated in Milwaukee, Wisconsin this 6th day of August, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**